IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE AUTOMOBILE )
MECHANICS LOCAL NO. 701 PENSION )
AND WELFARE FUNDS, )
 )
              Plaintiff, )
 )
  v. )   No.  08 C 7217
 )
UNION BANK OF CALIFORNIA, N.A., )
 )
             Defendant. )

MEMORANDUM ORDER

Trustees of the Automobile Mechanics Local No. 701 Pension and Welfare Funds ("Trustees") have brought this ERISA-based action against Union Bank, N.A. f/k/a Union Bank of California, N.A. ("Union Bank"), charging Union Bank with a breach of its fiduciary duties under ERISA and a violation of its contractual obligations in that respect. As this Court's brief June 12, 2009 memorandum order reflected, Union Bank then coupled its Answer with a four-count asserted Counterclaim. That in turn led to Trustees' motion to dismiss the Counterclaim under Fed. R. Civ. P. ("Rule") 12(b)(6) and to the parties' extensive briefing of that motion.

On June 29 this Court dealt with that subject orally, pointing out at the outset that Union Bank's counsel had mistakenly conceptualized its potential rights by bringing what counsel characterized as a Counterclaim rather than as a Third Party Complaint--after all, this action was brought by Trustees

in their collective <u>institutional</u> capacity, while the so-called Counterclaim sought to impose <u>individual</u> liability on the Trustees because they had assertedly violated their own fiduciary obligations to the Pension and Welfare Funds ("Funds"). That meaningful distinction should have been apparent to Union Bank's counsel, for they were admittedly not seeking to reduce the amount of the Funds' potential recovery (which would have been the consequence of a true Counterclaim), as contrasted with attempting to shift some of Union Bank's liability for that recovery to the individual Trustees (as might be appropriate if both Union Bank and those individuals had been guilty of breaching their respective fiduciary obligations).

As a result of having steered Union Bank (and perhaps Trustees' counsel as well) in the proper direction, this Court set a schedule for replacement of the flawed "Counterclaim" by an appropriate Third Party Complaint. Because both sides' counsel then acknowledged that their already-tendered arguments as to the propriety or lack of propriety of a claim seeking such contribution would still apply to the anticipated Third Party Complaint, this Court eschewed further briefing on the subject. This memorandum opinion and order thus deals with that substantive issue.

Both sides agree that courts are sharply divided as to the existence or nonexistence of a right to contribution or indemnity

between co-fiduciaries under ERISA, both as a statutory matter and under the federal common law of ERISA. That question has been answered "yes" by the Second Circuit (Chemung Canal Trust Co. v. Sovran Bank/Md., 939 F.2d 12, 16-17 (2d Cir. 1991)) and "no" by the Ninth Circuit (Kim v. Fujikawa, 871 F.2d 1427, 1432-33 (9th Cir. 1989)) and most recently the Eighth Circuit (Travelers Cas. & Sur. Co. of Am. v. IADA Servs., 497 F.3d 862, 864-65 (8th Cir. 2007)). That split has been recognized by our own Court of Appeals in Summers v. State St. Bank & Trust Co., 453 F.3d 404, 413 (7th Cir. 2006), which said that the question "remains an open one in this circuit." Understandably, this Court's colleagues that have addressed the issue have not resolved it uniformly, although most of those local cases have arrived at a "yes" answer (often because our own Court of Appeals had once assumed such an affirmative answer in Alton Mem. Hosp. v. Metro. Life Ins. Co., 656 F.2d 245, 250 (7th Cir. 1981)--long before the clarifying statement in Summers).

That sets the stage for this Court's consideration of the issue. In that respect it is surely worth noting that the Second Circuit's opinion in Chemung--and of course our Court of Appeals' earlier stated assumption in Alton Mem. Hosp.--stemmed from the era in which Cort v. Ash, 422 U.S. 66 (1975) was still the controlling authority on the implication of private rights of action not created by a statutory grant. By sharp contrast, the

3

Supreme Court's more recent jurisprudence consistently disfavors such implication. Thus <u>Great-West Life & Annuity Ins. Co.</u>, 534 U.S. 204, 209 (2002)(citations omitted) has said:

> We have observed repeatedly that ERISA is a "'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system." We have therefore been especially "reluctant to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. Indeed, we have noted that ERISA's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'"

Accord as to the non-implication of a private right of action in the ERISA context, <u>Aetna Health Ins. v. Davila</u>, 542 U.S. 200, 208-09 (2004)(a unanimous decision, unlike the 5-to-4 decision in <u>Great-West Life</u>, that reconfirmed the like principle set out in <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 54 (1987); and most recently in a non-ERISA context, see <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948 (2009)("implied causes of action are disfavored").

Thus this Court fully recognizes and appreciates the force of the arguments most recently espoused by the Eighth Circuit in <u>Travelers</u>, which drew on that more recent jurisprudence in rejecting an implied action for contribution under ERISA. But it will be remembered that courts--including the Supreme Court-- regularly draw ERISA principles from the law of trusts. Most recently that Court, in <u>Kennedy v. Plan Adm'r for DuPont Savs. & Inv. Plan</u>, 129 S.Ct. 865, 871 (2009), has unanimously reconfirmed

that "the law of trusts...'serves as ERISA's backdrop,'" and last year it similarly said in LaRue v. DeWolff, Boberg & Assocs., Inc., 128 S.Ct. 1020, 1024 n.4 (2008) that "the common law of trusts...informs our interpretation of ERISA's fiduciary duties."

Suppose that Union Bank is right in saying that the individual Trustees breached their own fiduciary obligations to the Plans, or at a minimum that there are reasonable grounds for so believing. In that circumstance Trustees' fiduciary responsibility as a collective body would clearly call for advancing such a claim--or at least giving serious consideration for such action--against Trustees individually. It would be difficult to imagine a more direct conflict of interest than that posed by the question whether the Trustees should sue themselves as individuals--and indeed Trustees (the collective body) have unsurprisingly failed to institute any such claim.

Against the Supreme-Court-directed backdrop of the law of trusts, this Court finds that, under the special circumstances posed by this case, its meaningful distinction from the Eighth Circuit's Travelers scenario calls for sustaining the effort via the expected Third Party Complaint to extract contributory damages from the individual Trustees if the proof shows that they, as well as Union Bank, have meaningfully violated their fiduciary obligations to the Funds--the employee benefit plans that they serve. That distinction is made apparent by

5

contrasting the Travelers situation from the one presented here. In that case Travelers had insured the trustees of an employee benefit plan and, under its policy coverage, had settled a claim by the Department of Labor that the plan had paid excessive fees to a company ("IADA") that performed administrative and investment services for the plan and was hence an ERISA fiduciary. When Travelers thus paid a substantial amount to the plan on behalf of the trustees, it pursued a contribution claim against IADA.

But in this case, as already stated, Trustees are suing Union Bank directly to recover for the latter's asserted breach of fiduciary obligations--and they have chosen, in the classic conflict of interest situation presented by the prospect of suing themselves individually on a like claim, not to do so. If their decision in the latter respect were to be insulated from oversight by a court having the power to apply the law of trusts to the enforcement of fiduciary obligations, Trustees would have free rein to sue whatever other fiduciaries they might choose, comfortable in the knowledge that they themselves would not be brought to task for their own misconduct. And that result would certainly do violence to the essence of trust law, with its emphasis on the fiduciary obligations of trustees to their cestuis que trust.

Under these special circumstances, this Court holds that the

precedential underpinning that negates the implication of common law rights in this area must give way. Accordingly, without this Court's having to take a position on the general applicability or inapplicability of a right to contribution as between co-fiduciaries under ERISA, in this case it rejects a Rule 12(b)(6) dismissal of the anticipated Third Party Complaint. Trustees' motion for such dismissal is denied.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: July 1, 2009