IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE AUTOMOBILE )
MECHANICS LOCAL NO. 701 PENSION )
AND WELFARE FUNDS, )
                              )
            Plaintiff,        )
                              )
    v.                        )    No. 08 C 7217
                              )
UNION BANK OF CALIFORNIA, N.A., )
                              )
            Defendant.        )

## MEMORANDUM ORDER

As a result of this Court's rejection of the ill-conceived purported "Counterclaim" that had originally been filed by Union Bank, N.A. ("Union Bank"), Union Bank turned to filing a permissible Third Party Complaint against the individual trustees of the plaintiff employee benefit funds ("Third Party Defendants"). When Third Party Defendants responded in part with a set of affirmative defenses ("ADs"), Union Bank moved to strike those ADs. Third Party Defendants have filed a response to that motion, which is therefore ripe for decision.

Very little explanation is needed to reject Union Bank's position here as well. More than a quarter century ago this Court explained the fundamental principles underlying Fed. R. Civ. P. 8(c) in <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), and that still valid explanation has been echoed by numerous other courts (<u>Heller Fin., Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989)), as well

as by this Court--in the latter respect, see App'x ¶5 to the decade-old opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Contrary to Union Bank's contentions, Third Party Defendants' ADs do accept as true the factual allegations (although not the legal conclusions) of the Third Party Complaint, while explaining that Third Party Defendants are assertedly not liable to Union Bank despite those allegations. Third Party Defendants' Response had explained that meticulously, and it would be an act of supererogation simply to parrot those explanations.

To be sure, Third Party Defendants' success in any of those respects depends on their ability to prove the matters they assert in their ADs, as well as persuading the court of the soundness of their legal positions. But it is always true of an AD that by definition its proponent must go outside of the adversary's allegations. In short, Union Bank's motion is denied in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 14, 2009

2