IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE AUTOMOBILE       )
MECHANICS LOCAL NO. 701 PENSION  )
AND WELFARE FUNDS,               )
                                 )
              Plaintiff,         )
                                 )
    v.                           )    No. 08 C 7217
                                 )
UNION BANK OF CALIFORNIA, N.A.,  )
                                 )
              Defendant.         )

## MEMORANDUM ORDER

This Court never ceases to be amazed at litigants' arguments that essentially say "Maybe we were guilty of a breach of our fiduciary obligations, but all liability caused (even in part) by that breach must be imposed on another party anyway." At the risk of being oversimplistic, this Court's view is that if more than one fiduciary breaches his, her or its duty to an employee benefit plan, then he, she or it should bear responsibility to the plan for that violation so that it may be made whole and so that the plan beneficiaries do not sustain unwarranted losses.

It should be made plain that this Court expresses no view on whether any breach of fiduciary duties has indeed taken place in this case, or as to the culpability or relative culpability of any or all of the fiduciaries here, or for that matter as to the viability of any particular theories of recovery (except as hereafter discussed) against such fiduciaries--all of that remains for the future. For now it suffices to say that:

      1. the motion of fourth-party defendant Marquette Associates, Inc. ("Marquette") to dismiss the Amended Fourth-Party Complaint is denied except as to Counts V and VI of that pleading, with Marquette ordered to file its answer to the rest of that pleading on or before November 30, 2009; and

      2. Marquette's motion to dismiss Counts V and VI of the Amended First-Party Complaint is granted, with Marquette ordered to file its answer to Count IV of that pleading on or before the same November 30 date.

Accordingly the previously-scheduled November 20 status hearing is no longer necessary, and it is cancelled.

    As to Counts V and VI of each of the two pleadings targeted by its motions, Marquette has acknowledged that it was an ERISA fiduciary. That being so, the claims asserted against it in those pleadings for common law breach of contract or for negligence or professional malpractice are preempted by ERISA.

    On that score the individual trustees have posited correctly that such claims are essentially fallback claims in case Marquette "is not an ERISA fiduciary, but is instead a service provider to an ERISA plan" (Fourth-Party Plaintiffs' Response at 6). Marquette will not be heard to back away from those admissions of fiduciary responsibility, so that any such hypothetical possibility and the authorities cited by the

individual trustees in that regard are inapropos.  That same reasoning extends to the parties' quarrel as to the applicability or inapplicability of the Illinois-law Moorman doctrine.

In sum, Marquette's motion to dismiss Counts V and VI of the Amended First-Party Complaint and the corresponding Counts V and VI advanced in the Fourth-Party Complaint are granted, while Marquette must answer other counts as directed earlier in this memorandum order.  It bears emphasis that such narrowing of the issues has no substantive impact at all on Marquette's potential liability.

_____
Milton I. Shadur
Senior United States District Judge

Date: