```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

TRUSTEES OF THE AUTOMOBILE        )
MECHANICS LOCAL NO. 701 PENSION   )
AND WELFARE FUNDS,                )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No.  08 C 7217
                                  )
UNION BANK OF CALIFORNIA, N.A.,   )
                                  )
                Defendant.        )

## MEMORANDUM ORDER

Marquette & Associates, Inc. ("Marquette") has filed its Answers, including affirmative defenses ("ADs"), to the Amended First-Party Complaint ("First AC") and the Amended Fourth-Party Complaint ("Fourth AC") in this action.  Because those responsive pleadings contain a number of flaws, this memorandum order is issued sua sponte to address them.

### Answer to First AC

Marquette's counsel begins its response by 51 repetitions of this language:

> Marquette makes no answer to the allegations contained
> within paragraph -- of Plaintiff's Amended Complaint,
> because they are not directed to this defendant.  To
> the extent any allegation contained therein is deemed
> to be directed to this defendant, it is denied.[1]

But that usage ignores the fact that when the First AC does begin

---

[1] [Footnote by this Court]  Answer ¶¶34 and 35 contain slight variants on that language, but only because the corresponding First AC allegations quote some of ERISA's statutory language.

to target Marquette, First AC ¶52 incorporates all of the First AC's prior allegations, so that Marquette's earlier blanket denials are really inappropriate. Instead Fed. R. Civ. P. ("Rule") 8(b)(1)(B) calls for close scrutiny and substantive responses by Marquette's counsel.

Next, though Marquette's counsel comply faithfully with the disclaimer called for by Rule 8(b)(5) as the basis for a deemed denial of the allegations in First AC ¶3 (so that counsel clearly know the proper drill), Answer ¶¶54 and 64 then inexplicably depart from the required formulation. Those paragraphs are stricken.

Next, Answer ¶¶56, 57 and 58 provide no answer "to the extent" that the corresponding paragraphs in the First AC "call for a legal conclusion." Even apart from the fact that legal conclusions are entirely proper components of a complaint (see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), thus calling for a response under Rule 8(b)(1)(B), "to the extent" is a telltale tipoff that Marquette has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs. Hence those paragraphs of the Answer are stricken as well.

That same lack of compliance with the notice pleading requirement marks Answer ¶70, where Marquette denies any

2

allegation in the corresponding First AC paragraph "that is inconsistent therewith" (speaking of its earlier statements in that same paragraph). Marquette cannot reasonably expect its adversaries or this Court to guess at what it views to be inconsistencies. That paragraph of the Answer is also stricken, but with leave granted to particularize any claimed inconsistency the next time around.

As for Marquette's ADs, AD 1 seems to come out of left field. It advances a contributory-fault approach that appears to draw upon state tort law (735 ILCS 5/2-1116(c)), even though Marquette expressly admits that this Court's jurisdiction is based on ERISA and, in its answer to Fourth AC ¶1, "denies that this Court has jurisdiction over any state law claims, because they are preempted by ERISA, and because the state law claims have been dismissed." Hence AD 1 is dismissed--and unless Marquette's counsel come forward with some legal basis for its reassertion, such dismissal will be with prejudice.

### Answer to Fourth AC

Just as was the case as to a portion of Marquette's other answer, Answer ¶¶3, 7 and 17 fail to conform to the Rule 8(b)(5) disclaimer requirements. Those paragraphs are stricken.

Because Marquette's counsel have again repeated the already-described errors relating to "legal conclusions," Answer ¶¶5, 6 and 7 require reworking. They too are stricken.

3

Next, Answer ¶¶24 and 30 again improperly call on Marquette's adversaries and this Court to guess as to what Marquette's counsel might view as "inconsistencies." As with the other flaws spoken of in this memorandum order, those paragraphs too are stricken.

Somewhat the same problem is posed by Answer ¶25, which--after failing to respond directly to the corresponding allegations in the Fourth AC--then proceeds to "den[y] all remaining allegations." Thus phrased, the response (or nonresponse) does not meet notice pleading requirements, and it is also stricken.

Finally, AD 1 mirrors the approach--and hence this Court's response as to--AD 1 to the First AC. That earlier ruling applies here with equal force.

## Conclusion

Although this Court would have preferred not to send Marquette's counsel back to the drawing board to rewrite such extended pleadings (running over 50 pages in the aggregate), the number of problems they present really leaves no alternative. If counsel were simply to file amendments to cure the multiple defects identified here, that would force the reader to look at multiple pleadings to see what is and is not in issue between the parties. Accordingly both the current Answers are stricken in their entirety, but with leave of course granted to file two

4

self-contained Amended Answers on or before December 17, 2009.

No charge is to be made to Marquette by its counsel for the added work and expense incurred in correcting counsel's own errors. Marquette's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  December 2, 2009